■ THEODORE ZOLI CONSTRUCTION CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 42877).— TAYLOR, J. On or about April 25, 1962 claimant entered into a contract with the State of New York for the reconstruction of portions of State highways located in Hamilton County for the breach of which it filed a claim for damages in excess of $16,000. On February 21, 1964 the State served a demand for a bill of particulars of the claim which claimant ignored. By notice of motion returnable on April 6, 1965 the State, upon the default of claimant, was granted a conditional order of preclusion relieving claimant of its default provided the demand for the bill of particulars was complied with within 10 days from the date of service of the order. Thereafter the State consented to an additional extension of time until May 5, 1965 and upon claimant's failure of compliance moved to dismiss the claim "on the ground that the claimant has been precluded". Claimant having furnished the particulars of the claim on July 6, 1965, which the State had refused to accept for untimeliness, moved on September 30, 1965 to extend the time of compliance with the previous order of preclusion and to compel the State to accept its late bill of particulars. The Court of Claims denied the motion of the State holding that an order of preclusion cannot be made the basis for an order to dismiss the claim and granted claimant's motion provided the bill of particulars was served within a time

specified in the order noting that the parties themselves had modified the prior order of preclusion and that the record indicated that one of claimant's attorneys shortly before May 5, 1965 had had a conversation with an Assistant Attorney-General, which is not disputed, to the effect that because of his professional engagements further time would be required to furnish the bill. The State has appealed. Although claimant's treatment of the State's demand and its motion to preclude was cavalier and should not be condoned, we think it cannot be said upon this record that the Court of Claims improvidently exercised its discretion in requiring the State to accept the late bill of particulars. This result renders moot the State's motion to dismiss the claim. Orders affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.